## Parncutt et al. v. Connecting Railway Company

*Wilson & McAdams*, for plaintiffs; *Barnes, Biddle & Myers*, for defendants.

BARNETT, P. J., forty-first judicial district, specially presiding, January 25, 1934.—The defendant company maintained upon its own ground a large crane for use in loading and unloading freight cars. The crane was equipped with a number of cog wheels used in its operation. The minor plaintiff's thumb was pinched between the cogs, and this suit resulted. The jury rendered a verdict in favor of the minor plaintiff for $300 and of his parents for $26. The defendant has moved for judgment n. o. v.

The verdict should not be permitted to stand, for several reasons. It was clearly against the great preponderance of the credible evidence. The defendant, however, has not seen fit to move for a new trial, doubtless because of the small sum of the verdict.

The action is based on the doctrine of attractive nuisance. It is a postulate of this doctrine that the injured child must have been "attracted" to the alleged nuisance by some inherent quality calculated to excite the curiosity of children. In this case, however, according to the minor plaintiff's story which the jury believed, he came in contact with the cog wheels of the crane not through any

attraction exerted by it nor through any interest in it, but because of the necessity of attending to the latchet of his shoe. He placed his hand against the cog wheel merely as a means of support, for which a brick wall, a telegraph pole, or any other stationary object would have served as well. The plaintiff's case therefore excludes the fact essential to his recovery, that he was attracted to the crane because of some childish interest in it. It is not on this ground, however, that we sustained the present motion, because it was not made the basis of the motion by defendant's counsel.

The motion is based upon the contention that the trial judge should have instructed the jury that there could be no recovery because of the contributory negligence of the minor plaintiff, and upon this ground we think the motion must be sustained. The minor plaintiff was between the ages of 13 and 14 years, within a few months of the age at which he could unquestionably be held as a matter of law guilty of contributory negligence if the facts warranted it. It is true that ordinarily, in the case of a plaintiff aged less than 14 years, the question of his capacity to understand a dangerous situation is for the jury. The evidence in this case leaves no question of his capacity for care to the jury, because he expressly admits his knowledge of the inherent danger offered by the gearing. Upon this point his testimony was as follows:

"Q. . . . Of course, you knew that if the wheels had started to turn—you knew that it would have hurt your thumb, didn't you? A. Yes, I guess so. Q. Well you knew that if you put your thumb between two gears and they began to turn that it would hurt your thumb, didn't you? A. Yes. Q. And you knew that when you put your hand between the gears, didn't you? A. I didn't think they would turn. Q. I understand. But you took the chance of their turning? A. I didn't even think about it turning, and took the chance though. By Mr. Eustace: Q. Do I understand you to say that you did not think there was any chance because you did not think they would turn; is that what your answer was? A. Yes."

Since the minor plaintiff himself admits his appreciation of the danger, a jury should not be permitted to find a verdict against the defendant upon a conclusion inconsistent with such admission.

And now, January 25, 1934, the defendant's motion for judgment n. o. v. is sustained. The verdict is set aside and judgment is hereby entered for the defendant.